# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**ENTERED**
**12/21/2012**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 11-38053** |
| **HDD ROTARY SALES, LLC** | § | **CHAPTER  11** |
| | § | |
| Debtor(s). | § | **JUDGE ISGUR** |
| | § | |
| **ROBERT OGLE** | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| **vs.** | § | **ADVERSARY NO. 12-03269** |
| | § | |
| **ADVENT, INC.** | § | |
| | § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

Advent, Inc.'s Motion for Partial Summary Judgment, (ECF No. 16), is denied.

The Plan Agent's Motion for Partial Summary Judgment, (ECF No. 15), is granted.

Advent's affirmative defenses of fraud, equitable estoppel, and quasi-estoppel are not valid defenses to a § 547 preference action.

### Background

HDD Rotary Sales, LLC filed chapter 11 bankruptcy on September 23, 2011.  (Case No. 11-38053, ECF No. 1).  A plan was confirmed on December 22, 2011.  (Case No. 11-38053, ECF No. 235).  In addition to providing for the sale of HDD Rotary's assets, the confirmed plan provided that a Plan Agent would be employed to, among other things, prosecute claims previously held by the bankruptcy estate and retained by the Reorganized Debtor.  (Case No. 11-38053, ECF No. 160 at 55).

On June 11, 2012, Robert Ogle (selected as Plan Agent) filed a complaint against Advent, Inc.  In the complaint, the Plan Agent seeks: (i) to avoid certain § 547 preferential transfers; (ii) to recover property transferred preferentially under § 550; and, (iii) disallowance of any claim of Advent against the estate to the extent property is recoverable from Advent but not turned over.  (ECF No. 1 at 5).

In its answer to the complaint, Advent put forth four affirmative defenses to the § 547 action: (i) new value defense; (ii) ordinary course defense; (iii) fraud; and, (iv) estoppel.  (ECF No. 12 at 3-7).

Advent filed a Motion for Partial Summary Judgment, (ECF No. 16), on its estoppel theory.  The Plan Agent filed a response in opposition arguing that estoppel is not a valid affirmative defense to § 547 preference actions.  Additionally, the Plan Agent filed a separate Motion for Partial Summary Judgment, (ECF No. 15), arguing that fraud is also not a viable affirmative defense to § 547 preference actions.

This Memorandum Opinion addresses whether estoppel and fraud are valid affirmative defenses to § 547 preference actions.

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate:  (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).  A genuine dispute of material fact is one that could affect the

outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[1]  Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon

---

[1] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

### I.    Postconfirmation Standing

The first issue that must be addressed is the Plan Agent's standing. The affirmative defenses at issue only relate to the § 547 preference action and so the Court will only address postconfirmation standing as it relates to that cause of action.

For a postconfirmation debtor (or its representative)[2] to have standing to pursue a preconfirmation cause of action, the claim must have been properly retained in the confirmed plan or disclosure statement.

---

[2] The Fifth Circuit allows parties other than the debtor or a trustee to be granted these rights. *See McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.)*, 52 F.3d 1330, 1335 (5th Cir. 1995) ("We agree with the Ninth and Tenth Circuits

During a chapter 11 case, the debtor acts as a debtor-in-possession and has essentially the same powers as a bankruptcy trustee, including the right to pursue prepetition claims (and postpetition but preconfirmation claims) on behalf of the bankruptcy estate.   11 U.S.C. § 1107(a).   After confirmation, the debtor is no longer the debtor-in-possession and does not have the authority to pursue claims previously owned by the estate—unless those claims were properly retained pursuant to § 1123(b)(3)(B).  *See In re United Operating, LLC*, 540 F.3d 351, 355 (5th Cir. 2008) ("If a debtor has not made an effective reservation, the debtor has no standing to pursue a claim that the estate owned before it was dissolved.").

The rule adopted by the Fifth Circuit was that for claims to be properly preserved, a plan "must expressly retain the right to pursue such actions" and such reservation must be "specific and unequivocal." *United Operating*, 540 F.3d at 355.

Although the contours of *United Operating* are still unclear, there is no question that the confirmed plan and disclosure statement properly retained the right to bring this § 547 preference action.   Attached as an exhibit to HDD Rotary's Combined Disclosure Statement and Plan of Reorganization is a document entitled Non-Exclusive List of Retained Rights of Action.  (Case No. 11-38053, ECF No. 160-3).   The document explicitly states: "Article VIII of the Debtor's Combined Disclosure Statement and Plan of Reorganization ('DS/Plan') preserves and vests all Rights of Action in the Reorganized Debtor.   The following is a nonexclusive list of entities against whom the Reorganized Debtor **will assert** Rights of Action."  (Case No. 11-38053, ECF No. 160-3 at 1) (emphasis in original).   One category of Rights of Action being retained is further described as "Rights of Action arising under chapter 5 of the Bankruptcy Code, including

---

that a party other than the debtor or the trustee may be authorized by a plan of reorganization to exercise avoidance powers.").

preferences under section 547 of the Bankruptcy Code and applicable state law and section 544 of the Bankruptcy Code." (ECF No. 160-3 at 2).

The retained claims to be brought against Advent, Inc. are then described in great detail:

> **Advent, Inc.** An Agreed Final Judgment was entered against HDD and in favor of Advent, Inc. on April 18, 2011, for $467,000 plus $20,000 in attorney fees, $20,000 in prejudgment interest, costs of court and post judgment interest at the rate of 5%. On September 16, 2011, Advent and HDD entered into an Agreement as to Payment of Judgment whereby Advent agreed to accept from HDD and HDD agreed to pay, as a settlement the total sum of $340,000. Advent has taken the position that HDD defrauded it when it entered into this Agreement as to Payment of Judgment because its management knew HDD was about to file for bankruptcy and failed to advise Advent of same during the negotiation process. Advent abstracted its judgment in the Montgomery County Official Public Records on September 20, 2011, thereby creating a judgment lien on the Debtor's Manufacturing Facility. Said abstract of judgment is a preference under 11 U.S.C. § 547, and the Debtor intends to contest same. HDD denies these allegations. Advent may also be subject to an avoidance action under 11 U.S.C. § 547 and/or § 548 for approximately $80,000 in payments made within ninety days of the Filing Date.

(ECF No. 160-3 at 3). The retention language here parallels the retention language approved of by the Fifth Circuit in *Texas Wyoming Drilling* in that it: (i) contained more than a blanket reservation of claims such as "any and all causes of action arising under the Bankruptcy Code"; (ii) revealed the existence of the causes of action against Advent, Inc. and discussed the nature of the causes of action; (iii) indicated the possible amounts of recovery; and, (iv) clearly indicated an intent to pursue the causes of action postconfirmation. (ECF No. 160-3 at 1-3); *see Spicer v. Laguna Madre Oil & Gas II, L.L.C. (In re Texas Wyoming Drilling, Inc.)*, 647 F.3d 547, 551 (5th Cir. 2011) (contrasting sufficient retention language with the insufficient language used in *United Operating*).

There is no question that the Plan Agent has postconfirmation standing to bring the § 547 preference against Advent, as that claim was properly retained in the confirmed plan and disclosure statement.

## II.     Affirmative Defenses to § 547 Preference Actions

As to the substance of the pleadings, the first issue is whether fraud and estoppel are legally sufficient affirmative defenses to a § 547 preference action.  If they are, then the Court must address whether there are any genuine issues of material fact as to whether Advent has met its burden as to the affirmative defense of estoppel.  If these are not legally sufficient affirmative defenses, then there is no material factual dispute and the Plan Agent's Motion for Partial Summary Judgment must be granted and Advent's Motion for Partial Summary Judgment denied.

### A.  § 547(c) Exclusive List of Substantive Affirmative Defenses

This Court joins the host of others that have held that § 547(c) of the Bankruptcy Code provides the exclusive list of substantive affirmative defenses to a § 547(b) preference action. *See, e.g.*, *In re Kmart Corp.*, 318 B.R. 409 (Bankr. N.D. Ill. 2004); *In re Sterling Die Casting Co.*, 118 B.R. 205 (Bankr. E.D.N.Y. 1990); *In re Candor Diamond Corp.*, 26 B.R. 850 (S.D.N.Y. 1983).

This does not mean that § 547(c) provides the exclusive list of all affirmative defenses. Procedural, or "threshold", affirmative defenses may still be brought.  The distinction between the two was succinctly explained by the *In re Kmart Corporation* court:

> Threshold defenses are those defenses that would bar recovery, before even opening the door to consider the substantive nature of the claim. Examples of threshold defenses include, "lack of in personam jurisdiction, service of process, standing, and the like."

318 B.R. 409, 415 (citing *In re Stoecker*, 131 B.R. 979, 983 (Bankr. N.D. Ill. 1991)).  In contrast, substantive defenses are defenses on the merits of the transfers themselves.

The Bankruptcy Code is written such that all substantive exceptions to § 547 preference actions are contained in § 547(c).[3]  "Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent."  *Andrus v. Glover Constr. Co.*, 446 U.S. 608 (1980) (citing *Continental Casualty Co. v. United States*, 314 U.S. 527, 533 (1942)).

Allowing these affirmative defenses would be contrary to legislative intent.  The Fifth Circuit interprets the purpose of § 547 preference acts as follows:

> The preference provision of the Bankruptcy Code furthers the purpose of equitable distribution among creditors by authorizing the trustee (or debtor-in-possession) to recover most payments made to the debtor on account of antecedent debt within 90 days before bankruptcy.  The theory is that when the preferential payments are returned, all creditors can share ratably in the debtors' assets, and the race to the courthouse, or the race to receive payment from a dwindling prebankruptcy estate, will be averted.  Because some creditors, however, receive payments for shipping supplies that enable the debtor to continue doing business, to that extent they act to forestall an ultimate bankruptcy filing.  Congress enacted several affirmative defenses against preference recovery in order to balance the competing interests.

*G.H. Leidenheimer Baking. Co., Ltd. v. SGSM Acquisition Co., LLC (In re SGSM Acquisition Co., LLC)*, 439 F.3d 233, 238 (5th Cir. 2006).

In a case with facts similar to this one, the Bankruptcy Court for the Northern District of Illinois stated the following in holding that fraud is a legally insufficient affirmative defense to a § 547 preference action:

---

[3] Advent disputes this and points to the defense of statute of limitations contained in § 546(a)(1) as well as the setoff rights contained in § 553.  A statute of limitations defense is a threshold defense, not a substantive defense.  A setoff right may prevent recovery of property via § 550, but it is not a defense to a § 547 preferential transfer cause of action.

> Proof of [Debtor's] actual or constructive fraud or the Bank's good faith in accepting payments after releasing some of the collateral is simply irrelevant and immaterial in preference actions, unlike the law on fraudulent transfer avoidance actions brought under sections 548 and 544(b). In the latter, the policy is that a debtor should not be allowed to engage in pre-petition property transfers motivated by fraud to deprive creditors of property from which creditor's claims can be satisfied. *See* H. Rep. No. 595, 95th Cong., 2d Sess. 89-90 (1978), 1978 U.S. Code Cong. & Admin. News 5787. Distinct therefrom are preference actions which seek to satisfy the Congressional policies of equal treatment of all creditors of the same priority, and that the assets of debtors' estates should not be dismembered by preferred creditors on the relative eve of bankruptcy who crab or receive assets to the exclusion of other creditors of the same priority.

*In re Stoecker*, 131 B.R. 979, 989 (Bankr. N.D. Ill. 1991).

Allowing these affirmative defenses would obviously not further § 547(b)'s purpose of equitable distribution among creditors. Nor would it serve § 547(c)'s competing interest of rewarding those who enable a struggling debtor to continue to do business. Advent recorded an abstract of judgment (in an attempt to transform unsecured debt into secured and improve its position relative to unsecured creditors) and it received $80,000.00 in payments on antecedent debt—not in exchange for deliveries of new supplies or the like.

Section 547(c) is the exclusive list of substantive affirmative defenses to § 547(b) preference actions. The issue now becomes whether estoppel or fraud may be a threshold affirmative defense as opposed to a substantive affirmative defense.

## B. Fraud

Fraud is clearly a substantive defense. Advent argues that but for HDD's fraud, it would not be the transferee of certain preferential transfers. (ECF No. 12 at 7) ("As a direct result of those representations Advent was placed in a position of compromising their position to collect on the debt owed to them by HDD. But for these representations Advent would have secured

their judgment against HDD well outside the 90 day preference period upon which is the basis of Plaintiff's preference action.").

As a substantive affirmative defense not contained in § 547(c), fraud is not a valid defense to a § 547 preference action.

### C. Estoppel

The question of estoppel is more difficult.

Equitable estoppel (or judicial estoppel) is a threshold defense to a postconfirmation § 547 preference action in certain situations. *See Spicer v. Laguna Madre Oil & Gas II, L.L.C. (In re Texas Wyoming Drilling, Inc.)*, 647 F.3d 547, 553 (5th Cir. 2011) (affirmative defense of judicial estoppel rejected as debtor did not take "clearly inconsistent" positions); *In re Mickey's Enterprises, Inc.*, 165 B.R. 188, 194 (Bankr. W.D. Tex. 1994) (affirmative defense of equitable estoppel accepted as plan and disclosure statement misled creditors into believing that certain causes of action would not be brought postconfirmation). If a postconfirmation defendant can demonstrate a misrepresentation in the plan or disclosure statement as to whether § 547 preference actions would be brought postconfirmation (and that the postconfirmation defendant relied to his detriment on the misrepresentation), equitable estoppel or judicial estoppel would be a threshold defense to a § 547 preference action.

Equitable estoppel would be a threshold defense in that it would bar the door to recovery before reaching the substantive nature of the claim. This was the reasoning of the court *In re Kmart Corporation* when it held that both waiver and estoppel could be threshold defenses:

> It is conceivable that the right to bring the preference complaint may have been waived. Likewise, it is possible that misleading conduct on the part of the holder of the right to bring a preference action, which was detrimentally relied upon by the potential preference defendant, may work to estop enforcement of the preference recovery right. Under both scenarios, the right

of recovery would be barred before even getting to the substance of the preference claim.

*In re Kmart Corporation*, 318 B.R. 409 (Bankr. N.D. Ill. 2004).

This is not the manner in which Advent asserts the affirmative defenses of equitable estoppel and quasi-estoppel.  Advent's equitable estoppel is substantive:

> Defendant negotiated the Rule 11 Agreement in good faith and based on the information that was provided to them by the Debtor.  Due to Defendant [sic] intention to abide by the terms of the Rule 11 Agreement Defendant was placed in a detrimental position of not securing their claim against the Debtor at the time the judgment was entered.  Therefore, Plaintiff is precluded, due to the voluntary conduct of the Debtor, from asserting rights that he might otherwise possess against the Defendant who relied on the terms of the Rule 11 Agreement to its' worse.

(ECF No. 16 at 6).  The defense is substantive because the misrepresentation (upon which the claim of equitable estoppel is predicated) is cited as the reason for which Advent is the transferee of a preferential transfer.

Advent's quasi-estoppel argument is similarly substantive:

> Plaintiff is estopped from asserting a preference action against Defendant to set aside their secured claim because Debtor entered into a [prepetition] Rule 11 Agreement which precluded Defendant from pursuing its' legal remedies against Debtor at the time a judgment was entered against them.

(ECF No. 16 at 7).  To put it another way, Advent's estoppel defenses are substantive because the misrepresentation upon which they are based is given as the proximate cause of the transfer's preferential nature.  As with its fraud claim, Advent is simply arguing that were it not for Debtor's misrepresentation, Advent would not be the transferee of a preferential transfer.

Estoppel is a threshold defense where the misrepresentation does not impact or relate to the substantive nature of the § 547 preference action.  An example of this situation is when a postconfirmation defendant complains that a confirmed plan and disclosure statement misled the defendant into relying to his detriment that a § 547 preference action would not be brought.

11 / 12

That is not the case here.  Advent's estoppel defenses are substantive.  As they are substantive affirmative defenses not listed in § 547(c), they are not valid affirmative defenses to a § 547(b) preference action.

### Conclusion

The Court will issue a separate Order in accordance with this Memorandum Opinion. The preference lawsuit will proceed to trial.  The affirmative defenses of fraud, equitable estoppel, and quasi-estoppel are denied.

SIGNED **December 20, 2012.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE