

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/02/2013

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 11-38053 |
| HDD ROTARY SALES, LLC | § | CHAPTER 11 |
| | § | |
| Debtor(s). | § | JUDGE ISGUR |
| | § | |
| ROBERT OGLE | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | ADVERSARY NO. 12-03269 |
| | § | |
| ADVENT, INC. | § | |
| | § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

The Court grants in part and denies in part Ogle's Motion for Summary Judgment, (ECF No. 28).

### Background

HDD Rotary Sales, LLC filed chapter 11 bankruptcy on September 23, 2011. (Case No. 11-38053, ECF No. 1). A plan was confirmed on December 22, 2011. (Case No. 11-38053, ECF No. 235). In addition to providing for the sale of HDD Rotary's assets, the confirmed plan provided that a Plan Agent would be employed to, among other things, prosecute claims previously held by the bankruptcy estate and retained by the Reorganized Debtor. (Case No. 11-38053, ECF No. 160 at 55).

This is a postconfirmation action, brought by Plan Agent Robert Ogle, to avoid certain prepetition transfers to defendant Advent, Inc. as § 547 preferential transfers. (ECF No. 1). Ogle's standing to bring these causes of action was addressed in a previous memorandum

opinion. (ECF No. 21 at 4-7). In the same memorandum opinion, Advent's affirmative defenses of fraud, equitable estoppel, and quasi-estoppel were rejected. (ECF No. 21 at 7-11).

Three affirmative defenses remain: (i) that the transfers are not recoverable because they were a contemporaneous exchange for new value under § 547(c)(1) ("contemporaneous exchange" defense); (ii) that the transfers are not recoverable because they were made in the ordinary course under § 547(c)(2) ("ordinary course" defense); and, (iii) that the transfers were in exchange for new value previously extended under § 547(c)(4) ("new value" defense). (ECF No. 12).[1] Advent also disputes whether HDD was insolvent when the transfers occurred. (ECF No. 12 at 2).

The following facts are undisputed unless otherwise noted.

On July 23, 2010, Advent sued HDD Rotary Sales LLC (the Debtor) in state court for, inter alia, suit on a sworn account to recover monies owed to Advent related to goods, materials and services provided to Debtor from October 2009 through May 2010. (ECF No. 24 at 2; No. 25 at 2).

An agreed final judgment between the parties was entered on April 18, 2011 in the total amount of $507,000.00 plus court costs and post-judgment interest. (ECF No. 24 at 2; No. 25 at 2).

HDD paid Advent $30,000.00 on July 21, 2011, and $50,000.00 on August 26, 2011. (ECF No. 24 at 2-3; No. 25 at 3). Advent's judgment was recorded in the real property records of the relevant county on September 20 or September 21. (ECF No. 24 at 3; No. 25 at 3). These dates are within the 90-day preference period, as HDD filed bankruptcy on September 23, 2011. (Case No. 11-38053, ECF No. 1).

---

[1] In the original answer, Advent raised the § 547(c)(4) new value affirmative defense as well. (ECF No. 7 at 4).

Ogle has now moved for summary judgment on the remaining issues. (ECF No. 24). Ogle argues that there is no genuine issue of material fact that these transfers constitute § 547 preferential transfers and that Advent's remaining affirmative defenses are inapplicable. (ECF No. 24).[2]

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the

---

[2] Ogle's section 502(d) claim will be considered in the event that Advent is ordered to repay a preference, but refuses to do so.

fact.[3]  Fed. R. Civ. P. 56(c)(1).  The Court need consider only the cited materials, but it may consider other materials in the record.  Fed. R. Civ. P. 56(c)(3).  The Court should not weigh the evidence.  A credibility determination may not be part of the summary judgment analysis.  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).  However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.  Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact."  *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).  The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial.  *Malacara*, 353 F.3d at 403.  Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact.  *Sossamon*, 560 F.3d at 326.  The non-moving party must cite to specific evidence demonstrating a genuine dispute.  Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986).  The non-moving party must also "articulate the manner in which that evidence supports that party's claim."  *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).  Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim.

---

[3] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order.  FED. R. CIV. P. 56(e).

*Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

### I. HDD's Insolvency

Section 547(b) lists the elements of a preferential transfer. Insolvency is the only disputed element. For a transfer to be preferential, the debtor must have been insolvent at the time the transfer was made. 11 U.S.C. § 547(b)(3) ("made while the debtor was insolvent").

Although the burden of proof is initially on Ogle as the plaintiff, the Bankruptcy Code presumes that debtors are insolvent for the 90 days immediately preceding the filing of a bankruptcy petition. 11 U.S.C. § 547(f). At trial, Advent will have to overcome this presumption.

Ogle's motion for summary judgment may not be granted in full, and thus a trial will be held, because there is a genuine issue of material fact as to HDD's insolvency at the time of the transfers. Specifically, there is some evidence that buyers were willing, at various times before the filing of the petition, to pay more for HDD's assets than the remaining outstanding liabilities. (Case No. 12-3236, ECF No. 1-1 at 4-5; Case No. 12-3658, ECF No. 11-1 at 1). This is some evidence that the company was solvent when the transfers were made.

The trial will be solely on the issue of insolvency because, as explained below, the Court rejects Advent's remaining affirmative defenses.

### II. New Value

Both the § 547(c)(1) contemporaneous exchange defense and the § 547(c)(4) new value defense require Advent to demonstrate that it gave new value to HDD. 11 U.S.C. § 547(c)(1), (c)(4).

Advent argues that it gave "new value" to HDD in two ways. First, "in the March 30, 2011 [Rule 11 Agreement, which would later become the agreed judgment, Advent] agreed to give HDD a discount of almost $100,000.00 by reducing the $457,000.00 debt owed to only $360,000.00." (ECF No. 25 at 7).[4] Second, Advent argues that its forbearance on two occasions constitutes new value.

### a. Discount as New Value

Discounts do not qualify as "new value", as "an obligation substituted for an existing obligation" is explicitly excluded from the definition of "new value" by the Bankruptcy Code. 11 U.S.C. § 547(a)(2).

The discount as new value theory poses conceptual problems as well as definitional ones. Reducing a debt owed is, of course, providing value. However, imagine the following scenario. A prepetition debtor's unsecured debts exceed unencumbered assets by a ratio of 10:1. In other words, unsecured creditors will be paid off at ten cents on the dollar if the debtor files for bankruptcy. An unsecured creditor, who is owed $300,000 and is in the process of suing the debtor, enters into a $270,000 agreed judgment with the debtor (which is paid contemporaneously). The debtor then files bankruptcy within the next 90 days. It would be unfair (and inconsistent with the statute) to protect this transfer from avoidance under § 547(c)(1), thereby allowing one unsecured creditor to collect ninety cents on the dollar while the

---

[4] Advent actually mentions two discounts, with the second one being entered into on September 19, 2011. (ECF No. 25 at 7). The only transfer left after September 19, 2011 is the abstracting and recordation of Advent's judgment on September 20 or 21, 2011. Advent had the right to abstract and record the judgment at any time, this was not something given to Advent by HDD (and so this "transfer" cannot be said under any circumstances to be a contemporaneous exchange or part of a new value transaction).

others collect significantly less. This is especially true given that the major policy behind § 547 preferential transfer actions is equitable treatment amongst creditors.

Alternatively, the discount will not serve as "new value" because the discount and the transfers sought to be avoided were not contemporaneous.[5] HDD received its discount (the purported "new value") when the agreed judgment was entered on April 18, 2011 (or on March 30, 2011 when the Rule 11 agreement was made). The transfers Ogle seeks to avoid occurred months later. Even if the discount were "new value", the transfers from Advent to HDD did not occur contemporaneously, and therefore § 547(c)(1) does not protect such transfers.

Section § 547(c)(4) would also not protect these transfers. Section 547(c)(4) protects situations where, after debtors make payments to creditors, creditors provide new value to the debtor. 11 U.S.C. § 547(c)(4). Here, even if the discount was new value, the discount occurred first and the payments to Advent occurred long after. Section 547(c)(4) requires the reverse.[6]

### b. Forbearance as New Value

The first occasion of forbearance is when Advent agreed to collect the agreed judgment piecemeal. (ECF No. 25 at 6-7). The second occasion is when it agreed to suspend its execution on the judgment (and its recordation) in order to allow HDD to continue operating, in exchange for a $50,000.00 payment on August 26, 2011. (ECF No. 25 at 7).

Advent's forbearance is not "new value" under § 547(a)(2). *See Am. Bank of Martin Cty. v. Leasing Serv. Corp. (In re Air Conditioning, Inc.)*, 845 F.2d 293 (11th Cir. 1988) ("Forbearance from exercising pre-existing rights does not constitute new value under section 547(a)(2)."); *Drabkin v. A.I. Credit Corp.*, 800 F.2d 1153 (D.C. Cir. 1986) ("We think it plain

---

[5] As described in footnote 4, the last transfer (the abstraction and recordation of the judgment) cannot be part of a contemporaneous exchange or a new value exchange.

[6] This is only considering the March 31, 2011 discount.

that a payment to an unsecured creditor in return for that creditor's agreement not to force the debtor into bankruptcy can never be treated as new value."); *Cimmaron Oil Co. v. Cameron Consultants, Inc.*, 71 B.R. 1005 (N.D. Tex. 1987) ("This court concludes that forgoing, by operation of law, the right to perfect a lien is not the exchanging of 'new value' with the debtor . . . .").

Advent's § 547(c)(1) and § 547(c)(4) affirmative defenses are rejected.

### III.     Ordinary Course

Section 547(c)(2) protects against the avoidance of a transfer made in the ordinary course of business. The ordinary course defense may be met in two separate ways, via either prong of section 547(c)(2). The first is subjective ordinary course, which requires a showing that the transfer was "made in the ordinary course or business or financial affairs of the debtor and the transferee." 11 U.S.C. § 547(c)(2)(A). The second is objective ordinary course, which requires a showing that the transfer was "made according to ordinary business terms." 11 U.S.C. § 547(c)(2)(B).

Advent appears to argue only that these transfers qualify for protection from avoidance under § 547(c)(2)(A), or the subjective prong. (ECF No. 25 at 4-6). Additionally, although not explicitly stated, Advent's ordinary course argument appears to only reference those transfers that were the payments of funds (i.e., not the recording of the judgment). (ECF No. 25 at 4-6). The Court rejects Advents' ordinary course defense in full, whether or not it is so limited. The argument is specious.

Advent characterizes the history of its business relationship with HDD as rocky, with payments made sporadically, usually late, and only after hounding by Advent for the payment. (ECF No. 25 at 6-8). Therefore, Advent argues, it should be allowed to present a case that the

payments it received were in the ordinary course given the irregular method and manner of payments over the course of the business relationship between Advent and HDD.

Advent glides over the fact that, in addition to being made irregularly, these payments resulted from a lawsuit against HDD to recover the amounts owed and the entry of an agreed judgment.

Payments made in this manner are certainly not made according to ordinary business terms (i.e., they do not satisfy the objectively ordinary course prong). *See, e.g., Clark v. Balcor Real Estate Fin. (In re Meridith Hoffman Partners)*, 12 F.3d 1549, 1553 (10th Cir. 1993) ("For example, filing a lawsuit to enforce a debt may not be unusual when a debtor does not pay, but payments according to a settlement agreement are not according to ordinary business terms.") (citing *Gull Air, Inc. v. Beech Acceptance Corp. (In re Gull Air, Inc.)*, 82 B.R. 1, 3-4 (BANKR. D. Mass. 1988)).

For Advent to show that these transfers were in the ordinary course of its business relationship with HDD, it would have to show that the customary manner in which Advent was paid by HDD was: (i) to wait until HDD owes it enough to justify litigation; (ii) sue HDD; (iii) enter into an agreed judgment; and, (iv) collect payments sporadically under this judgment for awhile; and, (v) record the judgment against HDD after payments aren't being received quickly enough.  Advent does not even attempt to make such a showing.

## Conclusion

The upcoming April 5, 2013 trial will focus solely on the issue of insolvency.  The Court will enter an Order in accordance with this Memorandum Opinion.

SIGNED **April 1, 2013.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE